# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| FEYSAL AYATI-GHAFFARI | § | |
| | § | |
| v. | § | CASE NO. 4:14-CV-840 |
| | § | (Judge Mazzant/Judge Nowak) |
| TITLE SOURCE, INC. "TSI" ESCROW | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On August 10, 2015, the report of the Magistrate Judge (Dkt. #34) was entered containing proposed findings of fact and recommendations that Defendant's FRCP 12(b)(6) Motion to Dismiss for Failure to State a Claim (Dkt. #5) and Defendant Title Source, Inc.'s Motion for Ruling on Defendant's FRCP 12(b)(6) Motion to Dismiss for Failure to State a Claim (Dkt. #22) be granted. The Magistrate Judge recommended Plaintiff's claims be dismissed with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #34).

The Court agrees with the Magistrate Judge that this litigation relates in some form or fashion to a loan that did not close for a property located at 4508 Lone Grove Lane, Plano, Texas 75093 (the "Property"). Plaintiff's Original Petition (Dkt. #3) and any purported amendments are otherwise not clear. Plaintiff seemingly alleges claims for "breach of duty-contract," quantum meruit, promissory estoppel, and slander. *Id.* Plaintiff also vaguely makes reference to fraud; civil conspiracy; negligence; a violation of Florida Statute section 627.792; defalcation, conversion, and misappropriation; vicarious liability under the theory of respondeat superior; and

reformation. *Id*. The Magistrate Judge recommended that Plaintiff's claims be dismissed with prejudice for failure to state a claim.

On August 19, 2015, Plaintiff filed a document titled "Plaintiffs [sic] Response to Wrong Report 8/10/15 Recommendation Memorandum in Support of Motion to Dismiss for Failure to Join a Requested Party" (Dkt. #37). Much like his prior pleadings, Plaintiff's filing is unclear. The Court can discern only two objections. First, Plaintiff contends that the "absent party, JPMorgan Chase Bank, is required for resolution of defendant's **Intermingling-Funds** of $156,974.00 is **MISSING** during this 2/19/13 Closing but cannot be joined; therefore, the Court should dismiss defendant's all claims. And reward the plaintiff for all he pray for $5,000,000.00 in pain and suffering for this illegal foreclosure" (Dkt. #37 at 1 (emphasis in original)). Plaintiff argues that complete relief is not available among the existing parties, and appears to argue that without JPMorgan Chase Bank, this dispute cannot be fully resolved (*See* Dkt. #37 at 2-3). Second, Plaintiff also argues that Defendant is required to produce copies of three checks somehow involved in the alleged February 9, 2013 closing of the loan (Dkt. #37 at 4).

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc); *Chase Bank USA, N.A. v. McLain*, No. 1:12-CV-353, 2013 WL 713404, at *1 (E.D. Tex. Feb. 26, 2012). In Plaintiff's filing, he does not identify any specific issue of law or fact, among those set forth in

the Magistrate Judge's report and recommendation, with which he disagrees, nor does he address the findings and recommendations of the Magistrate Judge. Therefore, Plaintiff's objection fails to invoke his right to a de novo review of the report and recommendation. Nonetheless, the Court has undertaken a de novo review of the report and recommendation, and the Court concludes that the Magistrate Judge's findings and conclusions are correct. *See Douglass,* 79 F.3d at 1429 (noting that a district court may alternatively find the magistrate judge's findings and conclusions were correct even though a party did not properly object to the report and recommendation). The Magistrate Judge found that Plaintiff's Original Petition did not satisfy the requirements of Federal Rule of Civil Procedure 8, and recommended that each of Plaintiff's claims be dismissed with prejudice for failure to state a claim. The Court agrees. Plaintiff's pleadings and other filings are unclear, not specific, and are insufficient to state a claim. Accordingly, the Court finds Plaintiff's objections are overruled.

Having received the report of the United States Magistrate Judge, having considered each of Plaintiff's timely filed objections (Dkt. #37), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #34) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant's FRCP 12(b)(6) Motion to Dismiss for Failure to State a Claim (Dkt. #5) and Defendant Title Source, Inc.'s Motion for Ruling on Defendant's FRCP 12(b)(6) Motion to Dismiss for Failure to State a Claim (Dkt. #22) are **GRANTED**, and Plaintiff's case is **DISMISSED** with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action

**IT IS SO ORDERED.**
**SIGNED this 3rd day of September, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

4